**In the Matter of Jose SEM, Debtor.**

**Bankruptcy No. 82 B 11386.**

United States Bankruptcy Court,
S.D. New York.

Aug. 9, 1984.

Halpern, Halpern, Axelrod, Kirschenbaum & Phillips, P.C., Mineola, N.Y., for creditor.

Michael D. Carlin, New York City, for debtor.

## DECISION ON MOTION TO VACATE DEFAULT

EDWARD J. RYAN, Bankruptcy Judge.

On July 26, 1983 Jose Sem filed a petition seeking relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 301. This matter was a no-asset case involving nineteen creditors with claims totalling $20,841.04. Amongst these claims was $4,318.06 allegedly due and owing to Nassau Trust Company (Nassau Trust). By affirmation dated October 4, 1983 counsel for the debtor stated that all nineteen of those creditors were unsecured and were duly scheduled in the debtor's petition. The schedule of creditors, however, did not reflect Nassau Trust's claim.

Nassau Trust asserts that it was omitted from the creditors list and did not receive notice of the Chapter 7 proceeding until the discharge was granted and the case closed.

By notice of motion and application dated October 5, 1983 the debtor requested the court to find that proper notice was provided to all creditors and to bar Nassau Trust from enforcing what the debtor claimed to be a discharged debt. In the alternative, the debtor asked the court to reopen the Chapter 7 proceeding and to grant to those creditors challenging the discharge time to file a complaint to determine the dischargeability of the subject debts.

The notice of motion was scheduled for a hearing on October 19, 1983. At the hearing, counsel for the debtor appeared at 10:00 a.m., however, counsel for Nassau Trust did not appear until 10:40 a.m. In the interim forty minute period a default was granted by the court in the debtor's favor, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.).

By notice of motion and application dated October 20, 1983 Nassau Trust moved for an order of this court to vacate the default on the ground that the failure of counsel to appear was caused by railroad commutation and traffic delays.

 A default in a bankruptcy proceeding may be set aside pursuant to Fed.R.Civ.P. 55(c) and Bankruptcy Rule 7055. It is generally held that doubtful cases are to be resolved in favor of the party moving to set aside the default so that cases may be decided on their merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3rd Cir.1984), *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3rd Cir.1982). A standard of liberality rather than strictness should be applied in acting upon a motion to set aside a default. See *United States v. $55,518.05 in U.S. Currency*, Supra.

 The court finds that the circumstances causing counsel's delays were beyond his control. Accordingly, the court finds that in the interest of justice and fair play the default should be vacated.

Settle an appropriate order.