UNITED STATES of America, Plaintiff,

v.

**All Assets of Henry TAYLOR, Jr., Defendant.**

**Civ. A. No. 85–0794–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 6, 1986.

G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., for plaintiff.

**ORDER**

RICHARD L. WILLIAMS, District Judge.

This matter comes before the Court on plaintiff's motion for judgment on the pleadings. For reasons stated below, the Court GRANTS the motion.

This is a forfeiture proceeding instituted pursuant to 21 U.S.C. § 881. Although the government filed a verified complaint, the Court requested additional indicia of probable cause. The United States has submitted affidavits detailing the circumstances which it contends justifies forfeiture.

While the owner of the defendant assets, Henry Taylor, failed to file a timely or proper response, the Court granted him additional time in which to file a proper response and to state his interest in the property. He is *pro se* in this matter. Contesting forfeiture, Taylor responded by stating his ownership of the defendant assets, asserting that the bank accounts and car were used for legitimate purposes, and declaring that the United States has "no legal right" to the subject assets.

The property the government seeks forfeiture of includes the car of Henry Taylor, along with his bank account and the account of a corporation of which Taylor is the sole shareholder. Under § 881, "the government bears the initial burden of showing probable cause to believe that the property in question was intended to be used for the purpose of acquiring a controlled substance." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3rd Cir.1984). "Once the government establishes probable cause the burden of proof shifts to the defendant to show that the property was not to be used for this purpose." *Id.* at 196. This is not a preponderance of the evidence contest; the government "must establish only that reasonable grounds exist to believe that the

**36**

[property was] used or intended to be used for prohibited purposes." *United States v. Little Al,* 712 F.2d 133, 136 (5th Cir.1983). On the facts before the Court, the government has met its burden of establishing probable cause. The question remaining is whether the defendant's response rebuts the government's probable cause showing.

Even though Taylor is proceeding *pro se* and his pleadings are to be construed broadly, his response fails to parry the thrust of the government's showing. He does not show that the property was used for or was derived from a legitimate purpose, but merely asserts that the government does not have a legal right to the property. In this respect, the case here resembles *United States v. $55,518.05 in U.S. Currency, supra.* There, the owner also denied the government's right to obtain forfeiture. The court, examining the pleadings and allegations of facts, concluded that the owner did not produce facts to establish a meritorious defense to the action. A mere denial cannot satisfy an owner's burden of rebutting the showing of probable cause. 728 F.2d at 196. There, the court refused to set aside a default judgment. The same analysis applies to Taylor's contention that his assets were used for legitimate purposes, for he can point to no facts supporting his conclusory allegation.

In the case at bar, the government has established probable cause, and the defendant has only denied the government's right to the property. The Court concludes that judgment on the pleadings is therefore proper, GRANTS the motion for judgment on the pleadings, and ORDERS that the defendant assets be forfeited pursuant to 21 U.S.C. § 881.

Let the Clerk send a copy of this Order to all counsel and parties of record. As this a final order from which an appeal may be taken, Henry Taylor is notified that he has thirty days from the date of this order in which to file a written notice of appeal in the Clerk's Office of this Court.