

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2005

# Izzo v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4418

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Izzo v. USA" (2005). *2005 Decisions.* Paper 1160.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1160

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4418
_____

VICTOR A. IZZO,
                              Appellant

v.

U.S. GOVERNMENT
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-01478)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
May 10, 2005

Before: RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed: May 18, 2005)
_____

OPINION
_____

PER CURIAM

    Victor Izzo, a pro se litigant, appeals an order of the United States District Court

for the Middle District of Pennsylvania dismissing his complaint.  Izzo contends that the

District Court abused its discretion in setting aside a default judgment against the United

States and in dismissing his complaint for lack of subject matter jurisdiction.  Finding no

error, we will affirm.

I.

Because the parties are familiar with the relevant facts, which are undisputed, we need only discuss them summarily. Izzo's son, Brandon Izzo, was employed by the United States Army Corp of Engineers at the Beltsville Dam in Franklin Township, Pennsylvania. On May 23, 1994, the Army Corp used a pump that emitted carbon monoxide in a manhole near the dam. On the following morning, a supervisor directed Brandon to enter the manhole. Based upon the presence of carbon monoxide still remaining in the manhole, Brandon died.

Izzo filed a compensation claim with the United States Department of Labor. Subsequently, the Department of Labor sent a letter to Izzo explaining the benefits that he was entitled to pursuant to the Federal Employee Compensation Act ("FECA"), and disbursed benefits in the amount of $1000 for burial expenses and administrative costs. Izzo filed an administrative claim with the Department of the Army, which was denied. Izzo then filed the present action, seeking damages against the United States of America for claims of defamation, violation of his civil rights, and wrongful death. After the United States failed to respond to the complaint, Izzo filed a motion for a default judgment, which the District Court entered. Once the United States became aware of the default judgment, it filed a motion to set aside the default. The District Court granted the motion, finding that Izzo did not properly effectuate service of process. In addition, it found that Izzo was not prejudiced by the minor delay, the United States has meritorious

defenses, and the United States did not act in bad faith. The United States then filed a motion to dismiss the complaint, contending, inter alia, that the District Court lacked subject matter jurisdiction.

The District Court found that it lacked jurisdiction over Izzo's defamation and civil rights claims, as they are barred by the doctrine of sovereign immunity. In addition, the court found that it lacked jurisdiction over the wrongful death claim pursuant to FECA. Thus, the District Court granted the United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). This appeal followed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. In re Kaiser Group Intern. Inc., 399 F.3d 558, 561 (3d Cir. 2005).

Absent a waiver, the doctrine of sovereign immunity "not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States." Richards v. United States, 176 F.3d 652, 654 (3d Cir. 1999). Defamation is not included in the list of actions for which the United States has waived immunity under the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. §§ 1346(b), 2680(h). Therefore, the defamation claim was properly dismissed. In addition, the United States Supreme Court has noted that the FTCA waiver of sovereign immunity extends to claims cognizable under § 1346(b). See FDIC v. Meyer, 510 U.S. 471, 475-77 (1994). Civil rights claims, however, are not cognizable under that section. Id. at 478

-3-

(holding that state, rather than federal, law must be the source of claims cognizable under § 1346(b)).  Accordingly, the District Court properly dismissed Izzo's civil rights claim, as well.

FECA is intended to be the exclusive remedy available to the families of a federal employee injured in the performance of duty.  See 5 U.S.C. § 8116(c); Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-95 (1983).  Izzo contends that because his son was not trained in the task he was performing on the day he died, his death did not occur within the scope of his employment, and thus FECA is inapplicable.  See App. Brief at 13.

The determination of whether the decedent's death falls within the scope of FECA is entrusted exclusively to the Secretary of Labor.  Heilman v. United States, 731 F.2d 1104, 1109-10 (3d Cir. 1984).  Moreover, this determination is barred from judicial review.  5 U.S.C. § 8128(b); Heilman, 731 F.2d at 1109.  Because, as the District Court properly explained, the Secretary of Labor has determined that Brandon Izzo's death fell within the scope of FECA, the District Court lacked subject matter jurisdiction over Izzo's wrongful death claim.  See Heilman, 731 F.2d at 1110-11.

Finally, because the District Court identified good cause to set aside the default judgment, it did not abuse its discretion in doing so.  See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

III.

For the foregoing reasons, we will affirm the District Court's judgment.

-4-