

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2005

# Limehouse v. State of DE

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Limehouse v. State of DE" (2005). *2005 Decisions*. Paper 864.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/864

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1089
_____

KEITH D. LIMEHOUSE,

Appellant

v.

STATE OF DELAWARE;
JOSEPH R. SLIGHTS, JR., in his official
capacity as a Superior Court Judge;
MIKE MURPHY, in his official capacity
as an employee of the Office of the
Prothonotary of New Castle County Courthouse;
DELAWARE STATE CAPITOL POLICE,
a police agency of the State of Delaware;
WILLIAM JOPP, in his official capacity as
Chief of Delaware State Capital Police;
RAYMOND W. COBB, an Attorney at practice
in the State of Delaware

_____

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 03-cv-00844)
District Judge: Sue L. Robinson

_____


Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

BEFORE: RENDELL, AMBRO and FUENTES, <u>CIRCUIT JUDGES</u>

(Filed:    July 12, 2005)

_____

OPINION

_____

PER CURIAM

Keith Limehouse appeals the order of the United States District Court for the District of Delaware granting the defendants' motion to dismiss his civil rights complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and denying his motion for partial default judgment against the state defendants.

In August 2003, Limehouse filed a civil rights complaint claiming that during the course of state court proceedings in Limehouse v. Steak & Ale Restaurant Corp., C.A. No. 03C-03-299, Judge Slights of the Delaware Superior Court, Mike Murphy, an employee of the Office of the Prothonotary of Newcastle County, William Jopp, the Chief of Delaware State Capitol Police (collectively referred to as the "state defendants"), and William Cobb, a private attorney, violated his rights under the Civil Rights Act of 1964, 42 U.S.C. §§ 1983 and 1985(2) and (3), and the Equal Protection Clause of the Fourteenth Amendment. He sued the defendants in their official capacities and demanded damages.

Limehouse claimed that Cobb filed an answer in the state civil proceeding that allegedly included a false representation that Limehouse effected insufficient service of process of the Complaint. He asserted that Cobb made the false representation "with the intent to dissuade" Judge Slights from entering default judgment against Cobb's client and to increase the amount of billable hours of attorneys fees. According to Limehouse,

Judge Slights "allowed himself to be induced to conspire" with Cobbs and that Judge Slights's denial of Limehouse's default motion deprived him of relief to which he was entitled and constituted a breach of his Fourteenth Amendment rights. He claimed that Murphy attempted to dissuade Limehouse from attending a hearing on Limehouse's motion for default judgment and, in doing so, falsely stated the rules regarding the procedures employed in the New Castle County Civil Case Management Plan. Limehouse averred that both Cobb's and Murphy's false representations were class E felonies under Delaware law and that the State Police violated his civil rights when they refused to arrest Cobb for his alleged misconduct and ejected Limehouse from the New Castle County Courthouse.

The District Court granted all of the defendants an extension of time to file an answer or other responsive pleading. Limehouse moved to strike the extension and sought a default judgment against the state defendants for failure to file a timely answer. A few days later, Cobb and the state defendants filed separate Rule 12(b) motions to dismiss. The District Court denied Limehouse's motions to strike the extension and for default judgment, granted the dismissal motions, and dismissed the complaint for failure to state a claim pursuant to Rule 12(b)(6). The District Court held that Cobb was not a "state actor" for § 1983 purposes, and that suit against the state defendants, all sued in their official capacities for damages, was barred by the Eleventh Amendment. Limehouse filed a timely appeal following the District Court's denial of reconsideration.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District

Court's order granting dismissal pursuant to Rule 12(b)(6) is plenary. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved. Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris Inc., 171 F.3d 912, 919 (3rd Cir. 1999). We review the District Court's denial of a motion for partial default judgment for abuse of discretion. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

After a careful and independent review of the record, we will affirm judgment on the non-conspiracy § 1983 claim as to all of the defendants for the reasons stated by the District Court in its memorandum opinion. We will affirm judgment with regard to Limehouse's conspiracy claims under §§ 1983 and 1985(2) and (3), as further discussed below.

Limehouse would be entitled to relief on his § 1983 conspiracy claim against private defendant Cobb if he could show that Cobb somehow reached an understanding with at least one of the state defendants to deny Limehouse of his civil rights. See Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993). "Establishing the existence of this 'understanding,' however, is really nothing more than another way to show state action as required by § 1983 when a private party is alleged to have violated that statute." Id. The allegations against Cobb, a private attorney, pertain to his representation of the defendant in the state court proceeding. His representation, alone, does not render Cobb a "person

acting under color of state law" under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel). Moreover, in the absence of any evidence from which a reasonable factfinder could determine otherwise, we find no nexus between the state defendants and the alleged actions of the private defendant Cobb such that Cobb may be fairly treated as a "state actor." Because there is no evidence that defendant Cobb was "acting under color of state law" for the purposes of § 1983, we hold that the District Court properly dismissed Limehouse's § 1983 conspiracy claim.

With respect to the § 1985(2) and (3) conspiracy claims, we find no evidence sufficient to raise an inference of a race-based motive for the defendants' alleged actions under § 1985(2) or (3), and thus Limehouse failed to state a claim upon which relief can be granted. See Davis v. Township of Hillside, 190 F.3d 167, 171 (3d Cir. 1999) (§ 1985(2)); Griffin v. Breckenridge, 403 U.S. 88 (1971) (§ 1985(3)).

Turning to the denial of Limehouse's motion for partial default judgment, the District Court properly denied the motion because Limehouse failed to obtain entry of default prior to seeking a default judgment. But even if default had been entered in Limehouse's case, the District Court was well within its discretion to deny the default motion in any event. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). There was no prejudice to Limehouse because his claims are meritless; the state defendants had a litigable defense; and finally, there is no evidence of bad faith or

dilatory motive on the state defendants' part.  Id.  Accordingly, we conclude that the District Court did not abuse its discretion in denying the default motion.

For the foregoing reasons, we will affirm the District Court's judgment dismissing all of Limehouse's claims as to all defendants.