**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1145
_____

VANDYKE JOHNSON,
                    Appellant

v.

STATE OF NEW JERSEY; HUDSON COUNTY DEPARTMENT OF PROBATION;
JESUS GARCIA; DAVID VALDIVIA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-10965)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2020

Before:  CHAGARES, PHIPPS and COWEN, Circuit Judges

(Opinion filed: November 1, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Vandyke Johnson filed a civil rights complaint against two probation officers and the Hudson Vicinage Probation Division. He claimed that he received a letter from the probation office stating that he was required to appear at a hearing about an outstanding balance of $350 in criminal penalties. Johnson asserted that this letter violated his constitutional rights because it stated that failure to appear may result in arrest or revocation of probation. He sought a temporary restraining order, and he later sought a default judgment after the defendants failed to file an answer to his complaint. The District Court dismissed the case sua sponte, noting that a challenge to the fine imposed as a criminal penalty was barred in federal court by the Rooker-Feldman doctrine and that he otherwise failed to state a claim. Johnson appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

The District Court properly dismissed Johnson's complaint for failure to state a claim. Johnson did not contest that he owed $350 in criminal penalties, and, to the extent that such monies were owed pursuant to a state court judgment, we may not disturb that ruling under the Rooker-Feldman doctrine. See Great W. Mining & Min. Co. v. Fox

2

Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). Though Johnson argues that his probation was terminated in 2015 and that the defendants may not put him back on probation, he fails to realize that revocation of probation was but one sanction listed in the boilerplate letter that he received from the probation office. Others included suspension of his driver's license, garnishment of wages, or enrollment in an enforced community service program. Though Johnson argues otherwise, the letter did not specifically threaten the reinstitution of probation for a closed criminal case, and we discern no constitutional violation alleged in the complaint.

In addition, Johnson argues that he was entitled to a default judgment based on the defendants' failure to answer his complaint. However, the failure of the defendant to respond to the complaint does not instantly entitle the plaintiff to a default judgment, see United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984), and, in this instance, the District Court was empowered to dismiss the complaint under § 1915(e) "at any time." Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019) (en banc). Thus, the District Court did not err by dismissing the complaint even if the defendants failed to file an answer.

Accordingly, we will affirm the judgment of the District Court.