**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1054
_____

MICHAEL WIGGINS,
                    Appellant

v.

UNIVERSAL PROTECTION SERVICE, LLC; LOLA WATSON,
Site Supervisor; PATRICE O'ROURKE, Human Resources

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-00303)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2023

Before: SHWARTZ, BIBAS, and MONTGOMERY-REEVES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 7, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Michael Wiggins appeals the District Court's orders vacating entry of default and dismissing his claims of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. against his former employer, Universal Protection Service, LLC, d/b/a Allied Universal ("Allied Universal"). For the reasons that follow, we will affirm the District Court's judgment.

I.

In early August 2019, Wiggins began work as a security officer at Episcopal Hospital ("Episcopal") as an employee of Allied Universal. Wiggins alleges that the site supervisor at Episcopal, Lola Watson, preferentially scheduled female security officers for sitting shifts and male security officers for standing shifts. In mid-August, Account Manager Steven Pease approved a female security guard's request to swap her standing shift in the Emergency Room that day for Wiggins's sitting shift in the hospital lobby. The female employee requested the switch because she said she had been traumatized. Wiggins opposed the shift swap and complained. Pease then disciplined him for unprofessional conduct and Watson subsequently assigned him to only standing shifts as well as a Sunday shift although she knew he attended church on Sundays and was unavailable to work.

In late September 2019, Wiggins transferred from Episcopal to a security officer position at Penn Presbyterian Hospital ("Presbyterian"), again as an employee of Allied Universal. During a shift in December 2019, Wiggins charged and yelled at another security guard, Iesha Estevez, after she allegedly threw water at him and cursed, threatened, and insulted him. Both Estevez and Wiggins were terminated.

2

The next year, Wiggins sought work once again as a security officer for Allied Universal and was refused positions at both Presbyterian and Episcopal. Wiggins learned that Allied Universal human resources employee Patrice O'Rourke had categorized him as ineligible for rehire after his altercation with Estevez. O'Rourke refused to rehire Wiggins, yielding only after he pursued a union grievance. Watson also opposed Wiggins's return to Episcopal, but Pease approved the rehire decision.

On Wiggins's second day back at Episcopal in September 2020, Watson allegedly came to the hospital to monitor him although she was not scheduled to work, criticized him for wearing his Presbyterian uniform instead of his Episcopal uniform, assigned a female employee to watch him and report his infractions, referred to him as "fucked up," tried to send him home after discovering he missed a contraband cigarette lighter on the x-ray scanner and had not completed training paperwork, induced Episcopal to request his termination, and then terminated him without progressive discipline. See Compl. at p. 14.

In January 2021, Wiggins filed a federal complaint against Allied Universal, Watson, and O'Rourke, alleging sex and religious discrimination under Title VII and tortious interference with contract under Pennsylvania law. The District Court granted Wiggins's motion to proceed in forma pauperis and dismissed with prejudice the claims against Watson and O'Rourke. Wiggins's claims against Allied Universal were permitted to proceed.

After Allied Universal failed to file a timely answer or responsive pleading, the District Court granted Wiggins's motion for entry of default pursuant to Federal Rule of

3

Civil Procedure 55(a) and ordered him to file a default judgment motion. Soon after, Allied Universal filed a motion to set aside the default under Federal Rule of Civil Procedure 55(c). In July 2022, the District Court granted the motion to set aside default and denied as moot Wiggins's motion for default judgment.

Allied Universal filed a motion to dismiss for failure to state a claim. The District Court granted the motion, dismissing with prejudice the tortious interference claim and the sex and religious discrimination claims for events in 2019, and dismissing without prejudice and with leave to amend concerning the sex and religious discrimination claims for events in September 2020. Wiggins then filed an amended complaint alleging sex discrimination and breach of contract, and Allied Universal filed a motion to dismiss. The District Court granted the motion, dismissing with prejudice the claims in Wiggins's amended complaint and denying his motion for leave to amend his amended complaint. Wiggins timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the District Court's grant of Allied Universal's motion to set aside default. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). We exercise plenary review over the District Court's dismissal of Wiggins's claims under Federal Rule of Civil Procedure 12(b)(6). See Castleberry v. STI Grp., 863 F.3d 259, 262-63 (3d Cir. 2017). To survive a motion to dismiss, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

4

(2007)). Pleadings of pro se plaintiffs are construed liberally. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). But "pro se litigants still must allege sufficient facts in their complaints to support a claim." Id. at 245.[1]

## III.

We agree with the District Court that Wiggins failed to state claims for Title VII sex discrimination and find no abuse of discretion in the District Court's decision to vacate the default.

First, we conclude that the District Court did not abuse its discretion in setting aside the default because it properly weighed the relevant factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." $55,518.05 in U.S. Currency, 728 F.2d at 195. This Court "does not favor entry of defaults or default judgments" and "require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." Id. at 194-95 (citations and internal quotation marks omitted). We agree with the District Court that Allied Universal had a meritorious defense. We also agree with the District Court that there was no prejudicial delay, that having to pursue his action on the merits was not prejudicial to Wiggins, and that Allied Universal's lapse in realizing Wiggins had served

---

[1] In his appellate brief, Wiggins does not dispute the District Court's denial of his motion for leave to amend his amended complaint or his motion for reconsideration, its dismissal of his claims against the individual defendants, or its dismissal of his claims of religious discrimination, tortious interference with contract, or breach of contract against Allied Universal; nor does he develop any retaliation claim. Therefore, he has forfeited any challenge to the District Court's resolution of those issues. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (stating that arguments not developed in the appellant's opening brief are forfeited).

two Title VII lawsuits on the company simultaneously was not culpable conduct.

Next, we agree with the District Court that Wiggins's claims are time-barred as to his 2019 stint at Episcopal. Wiggins filed his EEOC complaint on January 5, 2021, more than 300 days after he was allegedly constructively discharged in September 2019. See Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013) (stating that to bring a Title VII suit in Pennsylvania, a plaintiff must first file an EEOC complaint within 300 days of the alleged act). The claims are thus time-barred. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). While Wiggins invokes the "continuing violation" doctrine, it does not apply to discrete, individually actionable conduct such as Wiggins's alleged constructive discharge in 2019 or his underlying allegations that Watson scheduled shifts based on sex. See Green v. Brennan, 578 U.S. 547, 564 (2016) (holding that a constructive discharge claim accrues upon the employee's resignation); Morgan, 536 U.S. at 114 ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"). Accordingly, Wiggins's claims are timely only to the extent that he alleges conduct occurring during his 2020 stint at Episcopal.

We also agree with the District Court's dismissal of Wiggins's claims concerning his 2020 termination—whether construed as alleging discrimination or hostile work environment—because he failed to adequately plead that he was harassed and terminated in 2020 because of his sex. See Mandel, 706 F.3d at 167 (explaining that a sex-based hostile work environment claim requires intentional discrimination because of sex, among other elements). Wiggins relies largely on the fact that O'Rourke and Watson are

6

women, but that alone is not enough to show discriminatory animus. See Iadimarco v. Runyon, 190 F.3d 151, 156 (3d Cir. 1999). Further, while he alleged that Watson treated women preferentially, he has provided only the most general of allegations and included no allegations that his potential comparators were "similarly situated" so as to support an inference of discriminatory scheduling. See In re Tribune Media Co., 902 F.3d 384, 403 (3d Cir. 2018) (stating that comparators must be similarly situated in all respects); see also Iqbal, 556 U.S. at 678 (stating that a complaint must show "more than a sheer possibility" of unlawful conduct and pleading "facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief" (quotation marks omitted)).

Accordingly, we will affirm the judgment of the District Court.