**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3106
_____

JENN-CHING LUO,
                              Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT;
THE PENNSYLVANIA DEPARTMENT OF EDUCATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-01508)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 22, 2025)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Jenn-Ching Luo appeals from orders of the District Court dismissing his action brought pursuant to the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400, et seq., and dismissing his related claims. For the following reasons, we will affirm the District Court's judgment.

Luo is the parent of B.L., a former special needs student enrolled in the Owen J. Roberts School District. In April 2017, Luo filed a complaint in the District Court alleging that he filed a due process complaint under IDEA which was denied by Hearing Officer William F. Culleton, Jr. Luo sought the District Court's review of Culleton's decision pursuant to the IDEA. See 20 U.S.C. § 1415(i)(2) (providing a party aggrieved by a hearing officer's decision under the IDEA the right to bring a civil action in a district court). The complaint also included claims against the Pennsylvania Department of Education (PDE) for denial of Luo's due process and "liberty" rights pursuant to 42 U.S.C. § 1983.

The parties are familiar with the complicated procedural history of this case, so we need not recount it here. Ultimately, the District Court dismissed the § 1983 claims against the PDE on immunity grounds,[1] and dismissed the § 1415(i)(2) action as moot, or alternatively as meritless. This appeal ensued.

_____

[1] The District Court also purported to dismiss the § 1983 claims against the School District for failing to state a claim for relief; however, as Luo argues on appeal, those claims were limited to the PDE. See Appellant's Br. at 19; ECF No 1 at 6-10.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo its dismissal of Luo's claims under Federal Rule of Civil Procedure 12(b)(6). See Castleberry v. STI Grp., 863 F.3d 259, 262-63 (3d Cir. 2017). To survive a motion to dismiss, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). We construe Luo's pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

We first reject Luo's argument that the District Court erred in denying his motions for default judgment. Contrary to his contention, the complicated procedural history – including a stay, two prior appeals, and various consolidation orders – delayed the matter, and defendants cannot be blamed for any perceived default. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). Moreover, default judgments are disfavored, and, as the District Court noted, the defendants had viable defenses to the complaint. See id. at 194-95. Under the circumstances, the District Court did not abuse its discretion in determining that default judgments were not in the interest of justice. See Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 250-51 (3d Cir. 1989) (noting the standard of review).

The § 1415(i)(2) Action[2]

---

[2] We reject Luo's argument that the District Court applied the wrong standard in reviewing Culleton's decision. It properly applied modified de novo review, giving "due weight" to Culleton's findings. S.H. v. State-Operated Sch. Dist. of Newark, 336 F.3d 260, 270 (3d Cir. 2003). Like the District Court, we review legal conclusions de novo.

In September 2016, Hearing Officer Michael J. McElligott issued an administrative decision regarding B.L.'s education benefits. Luo was considering filing an action pursuant to § 1415(i)(2) to seek review of that decision, which he had 90 days to file. See 20 U.S.C. § 1415(i)(2)(B). He claims that the School District asked him to consent to implementation of McElligott's decision prior to the expiration of the 90-day appeal period. He maintains that the request was made in a Notice of Recommended Educational Placement (NOREP), which is a form generally used to provide a parent with notice of any potential changes to a student's Individualized Education Plan (IEP). Luo filed a due process complaint presenting the question "whether [Luo] was permitted to refuse to waive his right to appeal, e.g., if [Luo] is permitted not to give consent." ECF No. 1 at 3, ⁋ 17. He maintains that Hearing Officer William F. Culleton, who presided over the due process hearing, "did not decide the question," but denied his claim, and that, as a result, Luo lost his right to appeal McElligott's decision. Id. at 4, ⁋⁋19 & 20.

The complaint seeks review of Culleton's decision pursuant to § 1415(i)(2). The District Court declined to vacate Culleton's decision, first determining that it was moot because B.L. had turned 21, and was no longer eligible for a FAPE. See Ferren C. v. Sch. Dist. of Phila., 612 F.3d 712, 717 (3d Cir. 2010) (stating that "a school district's obligations to provide and a student's right to receive a [FAPE] both terminate when the child reaches the age of twenty one"). Luo argues that the case is not moot because the

See Y.B. on behalf of S.B. v. Howell Twp. Bd. of Educ., 4 F.4th 196, 198 (3d Cir. 2021).

4

District Court could still vacate Culleton's decision as a form of relief. Appellant's Br. at 13-14. But because B.L. has aged out, Luo can only seek compensatory damages for the denial of a FAPE. See Ferren, 612 F.3d at 718.

The District Court found that Luo failed to detail what compensatory education he sought for B.L., and concluded that "the outcome of th[e] administrative hearing [before McElligott], would not have had any impact on [B.L.'s] IEP or educational placement." ECF No. 53. However, a procedural violation will constitute the denial of a FAPE not only "if it results in a loss of educational opportunity [or benefits] for the student," but also if it seriously deprives parents of their participation rights. D.S. v. Bayonne Bd. of Educ., 602 F.3d 553, 565 (3d Cir. 2010). Arguably, Luo's due process claim that he was denied the right to appeal a hearing officer's decision regarding changes to B.L.'s education plan could state a claim for the denial of a FAPE. Also, compensatory education is a "judicially created remedy" granted through the district court's equitable power under the IDEA. Ferren, 612 F.3d at 717-18. We thus conclude that the § 1415(i)(2) action was not moot.

Nevertheless, we agree with the District Court that the School District's actions did not interfere with Luo's right to "meaningfully participate" in B.L.'s educational process. T.R. v. Sch. Dist. of Philadelphia, 4 F.4th 179, 184 (3d Cir. 2021). Pursuant to § 1415(i)(2), Luo had 90 days to bring a civil action seeking review of McElligott's decision; he did so within that timeframe. Luo claims, however, that the School District lacked the authority to implement the decision during the 90-day period. Not so. As we

previously explained in rejecting Luo's § 1983 claim based on the same facts, the IDEA "does not provide any protections against implementation of the [hearing officer's] decision during the [90-day] period, and Luo could have moved in the District Court to stay implementation of the IEP while his § 1415(i)(2) claim was pending." See Luo v. Owen J Roberts Sch. Dist., No. 24-1030, 2024 WL 4199008, at *3 (3d Cir. Sept. 16, 2024). The District Court therefore properly dismissed the § 1415(i)(2) action.

Finally, contrary to Luo's argument on appeal, the District Court had authority to sua sponte dismiss the § 1983 claims against the PDE on immunity grounds. See Bowers v. Nat'l Collegiate Athletic Ass'n, 346 F.3d 402, 417 (3d Cir. 2003).[3] As an arm of the state, the PDE is generally immune from suit in federal court under the Eleventh Amendment. See Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989). And Luo's claims, although stemming from the administrative proceedings under the IDEA, are grounded in § 1983.[4] See also Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020) (noting that Pennsylvania has not waived the immunity defense and Congress has not abrogated Eleventh Amendment immunity under § 1983).

---

[3] Although the PDE did not file a motion to dismiss, we note that in its response to a motion for default judgment, it argued that the claims against it were precluded by Eleventh Amendment immunity. See ECF No. 31 at 2.

[4] Luo mistakenly relies on M.A. ex rel. E.S v. State-Operated School District of City of Newark, 344 F.3d 335 (3d Cir. 2003), to support his argument that the PDE is not immune to his § 1983 claims. The § 1983 claims in that case were for IDEA violations, see M.A. ex rel. E.S., 344 F.3d at 338; but we have subsequently recognized that § 1983 is not available to remedy IDEA violations, see A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 803 (3d Cir. 2007) (en banc).

Based on the foregoing, we will affirm the District Court's judgment.