

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-26-2005

# Cole v. Montague Bd Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3445

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Cole v. Montague Bd Ed" (2005). *2005 Decisions*. Paper 651.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/651

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-3445
_____

REGINALD COLE; LAURA COLE; PATRICIA COLE,
Appellants

v.

MONTAGUE BOARD OF EDUCATION; MARTIN BENNA;
JOHN J. BIANCHI; LINDA FALKOWSKI;
LINDA HINES; TIMOTHY W. MCGLYNN; DEBRA OSBORNE;
THOMAS QUINN; BARBARA J. UTTER; BRIAN A. DUFFY,
Chief School Administrator; LAUREN AYERS;
STANLEY J. DUTKUS, SR.; JAMES W. MARION, III;
KENNETH O'CONNER; JOHN P. SORACCO;
STEVEN WEINGARTNER; RICHARD INNELA; GENE POLLES,
Ed.D. Chief School Administrator; BARRY WORMAN,
County Superintendent of Schools; R. LOEVLIE;
CRAIG DANA, Montague Board of Education Attorney

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-00922)
District Judge: Honorable William G. Bassler

_____

Submitted Under Third Circuit LAR 34.1(a)
August 26, 2005

Before:  VAN ANTWERPEN, GREENBERG AND NYGAARD, CIRCUIT JUDGES

(Filed: August 26, 2005)

_____

OPINION

_____

PER CURIAM

Laura and Reginald Cole ("the Coles") appeal from an order of the United States District Court for the District of New Jersey dismissing their Amended Complaint. Finding no error, we will affirm.

## I.

Because the parties are familiar with the relevant facts, which are undisputed, we need not repeat them here. The Coles and Patricia Cole, the daughter and granddaughter of Laura and Reginald, respectively, initiated this action pursuant to 42 U.S.C. § 1983 against Barry Worman, County Superintendent of Schools; Raymond Loevlie, a Sussex County Sheriff's Officer; and various Montague School Board officials ("School Board"). The Coles and Patricia filed an Amended Complaint alleging that defendant Worman defamed the Coles by setting forth a collateral estoppel argument in his motion to dismiss, and failed to prevent problems in the schools he oversaw as Superintendent. The Coles alleged that defendant Loevlie forcibly removed Reginald from school property without a court order, and falsely imprisoned and slandered him. The Coles also alleged that the School Board (1) banned Reginald and Laura from a public school without a hearing, thus violating due process, and refused to accept Reginald's petition for a hearing, therefore

-2-

forcing him to give it to a Superior Court judge; (2) illegally evaluated Patricia without consent; (3) failed to satisfy New Jersey educational standards for a period of five years; (4) denied the Coles monetary aid and school choice in violation of the No Child Left Behind Act; and (5) slandered and defamed the Coles.

When Worman did not answer the Amended Complaint, the District Court entered a default against him. Thereafter, Worman filed a motion to dismiss, which the District Court granted because the Coles failed to make specific factual allegations or delineate which federal or state laws were violated by Worman's actions. The District Court also vacated the entry of default against Worman, finding good cause was shown. Loevlie filed a motion for summary judgment, which the District Court granted, finding that he is entitled to qualified immunity because the facts and conclusory allegations raised by the Coles are insufficient to support their constitutional claims. The School Board filed a motion for judgment on the pleadings, which the District Court also granted. The District Court found that the allegations did not amount to a constitutional violation by the School Board. In addition, the Court found that even if a private cause of action exists pursuant to the No Child Left Behind Act, the Coles raised no factual allegations to support such a claim. Finally, because the District Court rejected all the federal claims, it declined to exercise jurisdiction over the Coles' pendent state law claims. This appeal followed.[1]

---

[1] The Coles filed a motion for appointment of counsel, which was denied. Because Laura and Reginald are not attorneys, they may not represent Patricia in federal court. See Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882-83 (3d Cir.

II.

The Coles contend generally that the District Court improperly applied the law in finding that the defendants did not violate the Coles' constitutional rights because the defendants did not deny the allegations set forth in the pleadings. See Br. at 3. As to the claims against Worman, the Amended Complaint failed to identify conduct by Worman that amounted to a constitutional violation. Therefore, the District Court properly applied the law in dismissing the claims against Worman.

The Coles next contend that defendant Loevlie is not entitled to qualified immunity. See Reply Br. Government officials are generally shielded from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Smith v. Marasco, 318 F.3d 497, 510 (3d Cir. 2003). Before considering the immunity question, however, the court must first determine whether there was a violation of a constitutional right at all. Siegert v. Gilley, 500 U.S. 226, 233 (1991). Here, despite the Coles' allegations that Reginald was removed from school property, the record reflects that Officer Loevlie did not seize Reginald or use physical force when escorting him from the property. Therefore, because the Coles failed to show that Officer Loevlie violated a constitutional right, the District Court properly granted Loevlie summary judgment. Furthermore, the Coles have not

1991). Therefore, the Coles are proceeding on appeal only as to their claims. We have jurisdiction pursuant to 28 U.S.C. § 1291.

-4-

provided any authority in support of their argument that Officer Loevlie needed a court order to remove Reginald from school property.

As to the claim that the School Board violated the Coles' due process rights by "illegally" banning them from school property, this contention plainly lacks merit. See Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999) (holding that non-custodial parent's claim that prohibiting him from entering school property violated due process is so plainly insubstantial and frivolous as to deprive a federal court of jurisdiction over the matter). In addition, as the District Court recognized, even if the No Child Left Behind Act created a private cause of action, the Coles did not allege sufficient facts to support this claim. Therefore, the District Court applied the correct law in granting the School Board's motion for judgment on the pleadings.

The Coles also contend that the District Court improperly vacated the default against Worman. See Reply Br. Because the District Court identified good cause to set aside the default judgment, however, it did not abuse its discretion in doing so. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 197 (3d Cir. 1984). Finally, because all the federal constitutional claims were correctly dismissed, the District Court properly declined to exercise supplemental jurisdiction over the Coles' pendent state law claims. See 28 U.S.C. § 1367(c)(3).

III.

We have fully considered all of the arguments raised by the Coles on appeal, and

find that they lack merit and warrant no further discussion. For the foregoing reasons, we

will affirm the District Court's judgment.[2]

---

[2] Appellants also filed a motion for leave to file a videotape, which allegedly shows the defendants violating their civil rights. To the extent these tapes are duplicative of those filed in the District Court, it is unnecessary to re-file them in this Court. See Fed. R. App. P. 10(a). To the extent these tapes are not part of the record, the Coles have not satisfied the requirements for correcting or modifying the record. See Fed. R. App. P. 10(e). Therefore, we deny the motion.