OPINION
PER CURIAM.
James Mulvenna, proceeding pro se, appeals from the District Court’s June 10, 2009 order entering default judgment against him in the amount of $256,062.03. For the reasons that follow, we will affirm the District Court’s order.
I.
On February 19, 2009, the United States filed a complaint against Mulvenna seeking to reduce to judgment federal tax assessments. See 26 U.S.C. § 7401. On March 9, 2009, the District Court entered an order, which was mailed to Mulvenna, referring the case to a Magistrate Judge to schedule and conduct a settlement conference.
On April 2nd, upon a motion by the United States, the District Court reissued the summons that was originally issued on February 19th. On April 16th, the summons and complaint were personally served on Mulvenna. The summons directed him to answer the complaint within twenty days of service, and stated that if he failed to do so, “judgment by default will be taken against you for the relief remanded in the complaint.”
Mulvenna’s answer was thus due on May 6, 2009. He did not, however, answer the complaint. Rather, on May 11, 2009, the District Court received a letter from him stating, in its entirety: “I am writing to ask that a Default Judgment not be done in the case 09-CV-00750.” Although Mul-venna sent the United States an identical letter on April 29th, he did not serve it with the letter that he mailed to the District Court.[1]
On May 26th, twenty days after the pleading deadline had expired, the United States requested that the clerk enter a default against Mulvenna based on his failure to plead or otherwise defend. See Fed.R.Civ.P. 55(a). The United States served the request on Mulvenna via mail. On May 27th, the District Court clerk made an entry on the case docket that Mulvenna was in default for “failure to appear, plead, or otherwise defend.”
Mulvenna did not respond to the United States’ request for default or file a motion *350 to set aside the default pursuant to Federal Rule of Civil Procedure 55(c). And on June 10th, the United States filed a request for entry of default judgment for $256,062.08, which it served on Mulvenna via mail. On the same day that the request was filed, the District Court clerk entered default judgment against Mulven-na under Rule 55(b)(1).
Mulvenna now appeals from the June 10th order.
II.
We have jurisdiction under 28 U.S.C. § 1291 and review the entry of default judgment for abuse of discretion. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.1984).[2] This Court does not favor entry of defaults or default judgments, and we “require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits.” Id. (internal quotation and citation omitted).
Federal Rule of Civil Procedure 55(a) provides that “the clerk must enter default” when a defendant has “failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.” Once the default has occurred, Rule 55(b)(1) allows the clerk to enter default judgment if the plaintiffs claim is for a sum certain and the defendant has failed to appear and is not an infant or an incompetent person. The time between the entry of default and the entry of default judgment provides the defendant with an opportunity to move, pursuant to Rule 55(c), to vacate the default. American Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir.1996). Additionally, if the defendant has appeared in the action Rule 55(b)(2) requires that, among other things, the defendant be provided written notice of the application.
It is clear that Mulvenna was in default as he did not file an answer or otherwise respond to the complaint that was filed against him. He provides no explanation for his lack of responsiveness, claiming only that he “responded within the time limit.” As support for this contention, he points to the letter that he sent to the District Court and has attached a receipt showing that it was mailed on May 8, 2009. Even if this letter was construed as an answer, it was untimely, as his response to the complaint was due on May 6th.
Accordingly, the central question is whether Mulvenna’s letter requesting that “default judgment not be entered” constitutes an “appearance” so as to fall under the ambit of Rule 55(b)(2). We hold that it is not. “Normally, appearance in an action involves some presentation or submission to the court.” Port-Wide Container Co., Inc. v. Interstate Maint. Corp., 440 F.2d 1195, 1196 (3d Cir.1971). However, “not every act by a party that is addressed to the court or relates to the litigation will be deemed an appearance,” and, at the very least, the defendant must show an intent to defend to avoid default. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2686 (3d ed.). Mulvenna’s one-line letter requesting that default not be entered does not indicate an such an intent and thus does not constitute an appearance that triggers Rule 55(b)(2)’s notice requirements. See Bermudez v. Reid, 733 F.2d 18, 22 n. 7 (2d Cir.1984) (“We agree that the single letter ... asking for an extension did not constitute an appearance.”) *351 (citing Rutland Transit Co. v. Chicago Tunnel Terminal Co., 233 F.2d 655 (7th Cir.1956)). Further, Mulvenna took no action after receiving notice that default had been entered against him, thereby signaling that he was not going to take the requisite steps to defend the litigation.
Thus, as the United States’ claim was for a sum certain that was detailed in a declaration accompanying the request for default judgment, the clerk properly entered default judgment against Mulvenna under Rule 55(b)(1). We also note that while pro se litigants are afforded various procedural protections, they are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines. Accordingly, the facts here demonstrate that the District Court did not abuse its discretion in entering default judgment against Mulvenna.
For the foregoing reasons, we will affirm the District Court’s June 10, 2009 order.

. The District Court did not enter the May 11th letter on the docket until after this appeal was filed.

. Because Mulvenna does nol appeal from an order refusing to lift or vacate a default, we do not employ the factors articulated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir.1984). See Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n. 9 (3d Cir.1990).