NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

No. 11-1324

———————

UNITED STATES OF AMERICA

v.

$90,745.88 CONTAINED IN ACCOUNT NUMBER 9506826724
HELD IN THE NAME OF AND/OR FOR THE BENEFIT OF
AMIRI MBUBU AUTO SALES, LLC., AT BANK OF AMERICA,
1125 RT. 22 W., BRIDGEWATER, NEW JERSEY 08807, in rem

*AMIRI MBUBU AUTO SALES, LLC; IFEANYI OKORO,
                                                                Appellants
*(Pursuant to Rule 12(a) Fed. R. App. P.)

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cv-04562)
District Judge:  Honorable Faith S. Hochberg

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2012

Before:  SLOVITER, VANASKIE, *Circuit Judges*, and
POLLAK,* *District Judge*

(Filed: February 14, 2012)

_____

* The Honorable Louis H. Pollak, Senior Judge, United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

————

OPINION

————

SLOVITER, *Circuit Judge*.

Amiri Mbubu Auto Sales, LLC ("Amiri") and its sole proprietor, Ifeanyi Okoro, (collectively, "Appellants") appeal from the District Court's order denying their motion to vacate a default judgment. We will affirm.[1]

Because we write primarily for the parties, we limit our discussion to the dispositive issue.

Amiri is a New Jersey based car dealership, headed by Okoro. On September 3, 2009, the Government filed a Complaint for Forfeiture *In Rem* against $90,745.88 held in Amiri's Bank of America account. The complaint alleged that Okoro had engaged in a structuring scheme, in which he purchased money orders from various post offices in Detroit in order to evade certain monetary instrument reporting requirements. Although Amiri's counsel received notice of the deadline for Amiri to file a claim to the defendant property, neither Amiri nor Okoro filed a timely claim. Accordingly, the District Court entered a default judgment as to Amiri.

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1345. We have jurisdiction to review the District Court's order denying Appellants' post-judgment motion under 28 U.S.C. § 1291. We review the District Court's "refusal to set aside the default judgment under an abuse of discretion standard." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 981 (3d Cir. 1988).

Approximately six weeks after the initial deadline to file a claim, Amiri's counsel filed a "Motion to Enlarge Time to Answer Plaintiff's Complaint for Forfeiture *In Rem*," which the District Court denied as procedurally improper. Subsequently, the Government filed a motion for default judgment as to the Defendant property, which Amiri failed to oppose. Accordingly, the District Court entered default judgment and a final order of forfeiture on the property.

Finally, more than seven months later, Amiri's new counsel filed an action in the District Court seeking to vacate the Court's final default judgment pursuant to Fed. R. Civ. P. 60(b)(1) and (6). The District Court denied the motion, concluding that Amiri had failed to provide any "justification for vacating the default judgment." App. at 6. Amiri, along with Okoro, appealed.

Appellants argue that the District Court abused its discretion by denying their motion under Rule 60(b)(1) and (6). We disagree.

We have stated, "Although this [c]ourt has adopted a policy disfavoring default judgments and encouraging decisions on the merits, the decision to vacate a default judgment is left to the sound discretion of the trial court." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988) (internal citation omitted). "[I]n exercising its discretion in granting or denying a motion to set aside a . . . default judgment under Rule 60(b)(1)," the district court should consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the

result of the defendant's culpable conduct." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). We consider the meritorious-defense factor the "threshold issue in opening a default judgment." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

Here, the District Court soundly determined that Amiri does not have a meritorious defense because it "fails to proffer a single factual allegation which, if 'established on trial, would constitute a complete defense to the action.'" App. at 5 (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). Indeed, in responding to charges of structuring transactions in order to avoid reporting requirements in violation of 31 U.S.C. § 5324(a), Okoro simply alleged that "all of [his] transactions have been honest and transparent." App. at 17. Such threadbare assertions are at odds with our holding that "[d]efault judgments cannot be set aside simply because of . . . ambiguous conclusions." *$55,518.05 in U.S. Currency*, 728 F.2d at 196. Thus, we agree with the District Court that Appellants have failed to establish a meritorious defense and consequently "do not decide . . . whether the government would be prejudiced by our granting [Appellants'] motion or whether [Appellants'] culpability led to the . . . default judgment." *Id.* at 197. Additionally, because we conclude that Amiri has failed to show a meritorious defense, we hold that the District Court did not err by declining to hold a hearing to assess the conduct of the company's former counsel.

Moreover, a litigant seeking relief under Rule 60(b)(6) must demonstrate

"extraordinary circumstances," which requires a showing of "extreme and unexpected hardship." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). This case does not present any such circumstances, as Appellants merely contend that they have experienced financial hardship in operating a business without the money seized. We therefore conclude that the District Court did not abuse its discretion when it denied Appellants' post-judgment motion.[2]

For the reasons set forth, we will affirm the District Court's order.

---

[2] As Appellee highlights, proper standing is required to contest a forfeiture judgment. That, however, is not the issue before us. The issue before us is whether the District Court's decision to deny the Rule 60(b) motion should be reversed. Because we are affirming the District Court's denial, there is no need to expound upon standing or other procedural issues.