**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2353
_____

J SUPOR & SON TRUCKING & RIGGINS COMPANY, INC.,
                                        Appellant

v.

KENWORTH TRUCK CO, A Division of Paccar Inc.;
PACCAR INC, d/b/a Kenworth Truck Company, Inc.;
COOPERSBURG KENWORTH, INC.;
ABC COPORATION 1-5, Fictitious Corporation;
JOHN DOES 1-5, Fictitious Names
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-17-cv-08057)
District Judge:  Hon. Susan D. Wigenton

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2019

Before:  CHAGARES, JORDAN, and RESTREPO, <u>Circuit</u> <u>Judges</u>.

(Filed: October 23, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

In this appeal, plaintiff J. Supor & Son Trucking & Rigging Company, Inc. ("Supor") appeals the dismissal of its complaint alleging various causes of action relating to its purchase of a truck. It also challenges the District Court's decision to grant a defendant's motion to vacate entry of default. For the reasons set forth below, we will affirm the orders of the District Court.

I.

We write principally for the parties and therefore recite only those facts necessary to our decision.[1] In August 2013, Supor bought a new Kenworth T800 Truck — "manufactured by [defendant] Paccar, Inc. and/or its subsidiary, [defendant] Kenworth Truck (collectively, 'Kenworth')" — from defendant Coopersburg Kenworth, Inc. ("Coopersburg"). Joint Appendix ("J.A.") 27. On September 3, 2013, it executed a document entitled "Kenworth Truck Company Limited Warranty Agreement" (the "Agreement"), which defined "the respective rights and responsibilities" of Supor, Kenworth, and Coopersburg.[2] J.A. 110–11. The Agreement provided:

> Kenworth warrants . . . that the Kenworth vehicle ("Vehicle")
> . . . will be free from defects in materials and factory

---

[1] In this appeal, we review the District Court's orders granting the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, we set forth the facts here as alleged in Supor's complaint, "accept[ing] all of [its] allegations as true and view[ing] the facts in the light most favorable to [it]." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 258 n.1 (3d Cir. 2006).

[2] We consider the Agreement in this appeal although it was not attached to Supor's complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that a court deciding a motion to dismiss may consider "document[s] integral to or explicitly relied upon in the complaint" (emphasis omitted) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).

2

workmanship ("Warrantable Failures") appearing under normal commercial use and service during the time or mileage limitations set forth in the attached Warranty Schedule . . . .

YOUR SOLE AND EXCLUSIVE REMEDY AGAINST KENWORTH AND THE SELLING DEALER ARISING FROM YOUR PURCHASE AND USE OF THIS VEHICLE IS LIMITED TO THE REPAIR OR REPLACEMENT OF "WARRANTABLE FAILURES" . . . SUBJECT TO KENWORTH'S TIME AND MILEAGE LIMITATIONS LISTED IN THE ATTACHED VEHICLE ONLY WARRANTY SCHEDULE. The maximum time and mileage limitations in the Warranty Schedule begin on the Date of Delivery to the First Purchaser, as shown below.

. . .

TIME LIMIT ON COMMENCING LEGAL ACTION / OTHER TERMS
It is agreed that you have 12 months from the accrual of the cause of action to commence any legal action arising from the purchase or use of the Vehicle, or be barred forever.

J.A. 110–11.

After Supor took delivery of the truck in September 2013, it began experiencing problems with the vehicle, including with its electrical system. Supor requested that Kenworth and/or Coopersburg repair the truck on several occasions. The vehicle was unusable while it was being serviced, and the same issues recurred despite the defendants' attempts to fix the truck. Supor claims that it "repeatedly asked [the defendants] to rectify this matter by reimbursing [it] for its damages relating to the Truck" or providing written promises to "repair[] the Truck as necessary in the future." J.A. 29. Both defendants allegedly "failed to rectify the defects . . . and/or to compensate Supor for its damages." J.A. 30.

3

Supor filed suit against the defendants in state court on August 28, 2017, setting forth the following causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of express and/or implied warranty of merchantability; (4) breach of express and/or implied warranty of fitness for a particular purpose; (5) violation of New Jersey Lemon Law, N.J. Stat. Ann. § 56:12-29, et seq.; (6) violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, et seq.; and (7) rescission. It alleged that the truck was unusable for ninety-six days and that it incurred $193,440 in damages. Kenworth removed the action to federal court and moved to dismiss the claims against it, arguing in part that Supor's complaint was untimely pursuant to the Agreement.

The District Court entered an order on February 15, 2018 granting Kenworth's motion to dismiss after concluding that a provision within the Agreement shortening Supor's time to file a cause of action barred Supor's complaint and that its enforcement would not be unconscionable. Specifically, the District Court concluded that: "[t]he truck was delivered to [Supor] on September 3, 2013"; through the Agreement, Kenworth promised to "pay warranty claims for 'Warrantable Failures' that occur within twelve months or 50,000 miles after delivery of the truck, whichever occurs first"; Supor's "cause of action accrued no later than September 3, 2014"; the Agreement required an action to be brought within one year of its accrual; and, therefore, Supor "had twelve months from September 3, 2014, to commence a lawsuit to recover damages for any warrantable failures related to the purchase of the truck." J.A. 6 & n.3. The District

4

Court also rejected Supor's argument that the Agreement was unconscionable, as Supor "failed to provide any sufficient grounds" in the complaint to make that inference. J.A. 6.

Coopersburg subsequently moved to vacate the default that was entered against it on December 8, 2017. The District Court granted Coopersburg's motion on March 6, 2018, concluding in an order that, "[p]ursuant to Fed. R. Civ. P. 55(c), all criteria ha[d] been met to vacate the default . . ., as good cause ha[d] been set forth." J.A. 11. Then, Coopersburg also filed a motion under Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss Supor's claims against it on primarily the same grounds relied upon by Kenworth. Through an order entered on May 21, 2018, the court granted that motion for the same reasons it granted Kenworth's. Supor now appeals the February 15, 2018, March 6, 2018, and May 21, 2018 orders.

## II.

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting the defendants' motions to dismiss. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). A court may grant a motion to dismiss a complaint as barred by a statute of limitations if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Robinson v. Johnson, 313 F.3d 128, 134–35 (3d Cir. 2002)). We review a district court's decision to vacate an entry of default for abuse of discretion. Doe v. Hesketh, 828 F.3d 159, 167 (3d Cir. 2016).

5

III.

Supor raises three arguments on appeal. First, the District Court erred in concluding that the Agreement's one-year statute of limitations provision (the "Limitation") barred its claims[3] because the Limitation is unreasonable under the circumstances. Second, the court incorrectly concluded that the Agreement was not unconscionable. Third, the District Court abused its discretion in vacating Coopersburg's entry of default. We find each argument meritless.

A.

Under New Jersey law, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." N.J. Stat. Ann. § 12A:2-725(1). "A cause of action [on the contract] accrues when the breach occurs," and an action for breach of warranty accrues "when tender of delivery is made." Id. § 12A:2-725(2); see also Deluxe Sales & Serv., Inc. v. Hyundai Eng'g & Constr. Co., Ltd., 603 A.2d 552, 554 (N.J. Super. Ct. App. Div. 1992). However, the parties may agree in their original agreement to "reduce the period of limitation to not less than one year," N.J. Stat. Ann. § 12A:2-725(1), as the parties did here.

Supor contends that the Limitation does not bar its claims under the New Jersey UCC because the provision is unreasonable based on the interplay between it and the

---

[3] Supor appears to confine its argument on appeal to its claims under New Jersey's Uniform Commercial Code ("UCC"), N.J. Stat. Ann. § 12A:1-101, et seq. We will circumscribe our analysis accordingly. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) ("[A]n appellant's opening brief must set forth and address each argument the appellant wishes to pursue in an appeal.").

Agreement's provision limiting Supor's remedy during the warranty period. Specifically, it contends that it was contractually obligated to engage in the time-consuming process of repair and replacement and that it would be "nearly impossible . . . to realize that [Supor] ha[d] a cognizable cause of action within the span of merely a year while waiting for the promised 'repairs' to have the intended effect." Supor Br. 13–14. We are unpersuaded. Supor was only contractually obligated to seek repair or replacement for one year, the duration of the warranty period. Thereafter, it was free to file suit, provided it filed within one year of the accrual of his cause of action. And we cannot agree that it is "impossible" for a truck owner to realize, within one year of discovering a defect in the truck, that it had a cause of action relating to the truck.

Moreover, the Limitation is reasonable. New Jersey courts have enforced "[c]ontract provisions limiting the time parties may bring suit," so long as they are reasonable. Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co., 678 A.2d 699, 704 (N.J. 1996). The one-year period provided in the Limitation is reasonable not only because the New Jersey Supreme Court "has routinely upheld contract provisions that create a one-year time limitation in which claimants may bring suit," id.; see also id. (upholding a "one-year limitation provision in [a] surety bond"); A.J. Tenwood Assocs. v. Orange Senior Citizens Hous. Co., 491 A.2d 1280, 1284 (N.J. Super. Ct. App. Div. 1985) (upholding as reasonable a one-year limitation period in a construction contract), but also because New Jersey's UCC explicitly permits such a limitation, N.J. Stat. Ann. §

7

12A:2-725(1).[4]  Accordingly, we conclude that the District Court did not err in holding that the Limitation was reasonable and shortened the period of time during which Supor could file claims under the UCC.

Supor relies upon Rodriguez v. Raymours Furniture Co., 138 A.3d 528 (N.J. 2016), and Martinez-Santiago v. Public Storage, 38 F. Supp. 3d 500 (D.N.J. 2014), to support its claim of unreasonableness.  But those cases are distinguishable.  The Rodriguez court's determination that a limitations period less than the two years provided by statute "effectively eliminates claims" depended in part on the unique public interest — not present here — in protecting claims under the New Jersey Law Against Discrimination ("LAD"), N.J. Stat. Ann. § 10:5–1 to –49.  Rodriguez, 138 A.3d at 539–40 (noting that a LAD claimant "may not immediately realize that he or she has been a victim of discrimination"); see also id. at 538–39 (explaining that "a contractual limitation on an individual's right to pursue and eradicate discrimination . . . would curtail a claim designed to also further a public interest").  And the Martinez-Santiago court concluded that, where the plaintiff sought to challenge an agreement's

_____

[4] To the extent New Jersey courts require a limitations period to provide a "sufficient opportunity to investigate and file an action," "not be so short as to work a practical abrogation of the right of action," and "not . . . bar[] [an action] before the loss or damage can be ascertained," in order to be reasonable, Eagle Fire Prot. Corp., 678 A.2d at 706 (quoting Camelot Excavating Co. v. St. Paul Fire & Marine Ins. Co., 301 N.W.2d 275, 277 (Mich. 1981), overruled by Rory v. Cont'l Ins. Co., 703 N.W.2d 23, 31 (Mich. 2005)), we are satisfied that a limitations period of one year to discover a defect in a vehicle meets those requirements.  Cf. Martinez-Santiago v. Pub. Storage, 38 F. Supp. 3d 500, 506, 507 (D.N.J. 2014) (concluding that a one-year limitation period to file suit challenging the enforceability of provisions within an agreement was unreasonable because it would require the plaintiff "to challenge contractual fine print addressed to circumstances . . . that did not themselves arise when the contract was signed").

8

indemnification provision and a provision limiting the time within which to file suit or assert a defense in a suit arising out of the agreement, a one-year limitations period to file suit was unreasonable because it would force the plaintiff into action before she suffered any ascertainable loss. Martinez-Santiago, 38 F. Supp. 3d at 507. Here, Supor is not challenging a provision of the Agreement itself but rather filing suit for breach of the agreement, and it cannot be said that Supor was forced to act before it suffered a loss. Id.

As further support for Supor's argument regarding the Limitation's inapplicability, Supor contends that the Agreement's repair or replacement remedy failed of its essential purpose and therefore, Supor should be permitted to seek alternative remedies. We agree with the defendants that whether or not the remedy failed of its essential purpose is immaterial in light of the fact that Supor's complaint was not timely filed.[5]

Finally, Supor argues that the District Court erroneously "failed to consider that Supor's causes of action for breach of the Agreement may have accrued . . . significantly later" than September 3, 2014.[6] Supor Br. 16–17. Supor here focuses on the provision within the Agreement whereby the defendants agreed to repair or replace Warrantable Failures, which Supor argues amounts to a future performance warranty.[7] Invoking the

---

[5] For that reason, we cannot agree with Supor that the District Court was required to hold a hearing or permit discovery regarding whether the remedy failed of its essential purpose.

[6] Supor does not dispute that the truck was delivered on September 3, 2013, or that Kenworth promised in the Agreement to repair and replace Warrantable Failures "that occur within twelve months or 50,000 miles after delivery of the truck, whichever occurs first." J.A. 6 n.3.

[7] We note that it appears to be an open question in New Jersey whether a provision like the one at issue amounts to "a warranty of future performance . . . or an independent promise to repair defects . . . that appear during the term of the warranty." Poli v.

9

delayed limitation period that applies to such warranties, <u>see</u> N.J. Stat. Ann. § 12A:2-725(2), Supor argues that the District Court should have held that "the accrual of Supor's causes of action was delayed by [its] inability to discover Defendants' breaches of the Agreement." Supor Br. 18. Supor's argument lacks merit.

Although New Jersey law provides that a cause of action for breach of a future performance warranty "accrues when the breach is or should have been discovered," N.J. Stat. Ann. § 12A:2-725(2), it appears that the breach must have been discovered during the warranty period in order for the cause of action to succeed, <u>cf.</u> <u>Comm'rs of Fire Dist. No. 9, Iselin, Woodbridge, N.J. v. Am. La France</u>, 424 A.2d 441, 444 (N.J. Super. Ct. App. Div. 1980) ("[I]f the warranty explicitly extended to future performance of the truck, the . . . limitations period did not begin to run until the breach . . . was or should have been discovered by plaintiff, <u>provided the defect arose within the warranty period</u>." (emphasis added)). Here, in order for Supor's claim for breach of the future performance warranty to succeed, it must have been discovered by the last day of the warranty period. Accordingly, the District Court did not err in concluding — for purposes of the limitations period analysis — that Supor's "cause of action accrued no later than September 3, 2014," the last day of the warranty period. J.A. 6.

---

<u>DaimlerChrysler Corp.</u>, 793 A.2d 104, 110–11 (N.J. Super. Ct. App. Div. 2002). We treat the provision as a future performance warranty — expressing no opinion on whether that characterization is proper — because the parties assume that it is one.

We also note Supor's suggestion that the defendants' breach of the obligation to repair and replace did not arise from "the purchase or use of the Vehicle," precluding application of the Limitation. Supor Br. 16 (quoting J.A. 111). We disagree: there is no indication that that obligation would exist but for Supor's purchase of the truck, and Supor does not seriously contend otherwise.

Supor next contends that the District Court should not have dismissed its claims as time-barred because the Limitation was unconscionable. To determine whether a contract is unconscionable, we examine both how it was formed (for procedural unconscionability) and its substance (for substantive unconscionability). See Rodriguez, 138 A.3d at 541. When undertaking this analysis for a contract of adhesion — which Supor contends the Agreement to be — we consider: "the subject matter of the contract"; "the parties' relative bargaining positions"; "the degree of economic compulsion motivating the 'adhering' party"; and "the public interests affected by the contract." Id. at 542 (quoting Rudbart v. N. Jersey Dist. Water Supply Comm'n, 605 A.2d 681, 687 (N.J. 1992)).

But the complaint lacks any allegation speaking to either procedural or substantive unconscionability. It merely states that "[a]ny alleged limitation on Supor's remedies, expressly or impliedly, is unenforceable, unconscionable and unlawful where, as here, circumstances would cause an allegedly exclusive or limited remedy to fail of its essential purpose within the meaning of N.J. [Stat. Ann. §] 12A:2-719(2)." J.A. 30. That is a legal conclusion that we will disregard in reviewing the disposition of the defendants' motions to dismiss. See Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010). The District Court correctly concluded that Supor failed to sufficiently plead unconscionability.[8]

---

[8] Supor takes issue with the District Court describing it as "a sophisticated buyer with experience in making [truck] purchases," arguing that those facts were not pleaded

11

C.

Supor's final arguments on appeal are that the District Court abused its discretion in granting Coopersburg's motion to vacate the entry of default against it because Coopersburg failed to set forth a meritorious defense and because the court failed to "perform[] [an] analysis" regarding whether "Coopersburg's claimed defenses would provide a complete defense at trial." Supor Br. 24.

A district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). And we review its decision to do so for abuse of discretion. Doe, 828 F.3d at 167. "In exercising that discretion . . ., we have instructed district courts to consider the following factors: '(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.'" Id. at 175 (alteration in original) (quoting United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).

We cannot conclude that the District Court abused its discretion in granting Coopersburg's motion. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" $55,518.05 in U.S. Currency, 728 F.2d at 195 (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)). Here, Coopersburg alleged that it "has viable defenses to all claims against it, similar to those asserted by co-

---

in the complaint and therefore were improperly used to reject Supor's claim of unconscionability. J.A. 6. Whether or not those words were found verbatim in the complaint, it is clear from the pleading that the instant contract was one entered into by a corporation for the purchase of a truck to be used for business.

12

defendant Paccar, Inc., in its pending motion to dismiss," including the defense that the Limitation bars all of Supor's claims against Coopersburg. J. Supor & Son Trucking & Rigging Co. v. Kenworth Truck Co., Certification of Counsel, No. 2:17-cv-08057-SDW-CLW, ECF No. 21-1 at 4 (Jan. 31, 2018). This allegation satisfies the meritorious-defense requirement. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 870 (3d Cir. 1984) (concluding that a defendant-insurer set forth a meritorious defense when it alleged that the plaintiff's claim "was not brought within a year of the loss, as required by the [insurance] policy," and was therefore untimely). Supor's only response to Coopersburg's claim of a meritorious defense was to incorporate the arguments it had made in opposition to Kenworth's motion to dismiss — arguments that the District Court had already rejected. As set forth in this opinion, we are also unpersuaded by Supor's arguments regarding the Limitation's alleged unreasonableness and the Agreement's claimed unconscionability. Thus, the District Court did not abuse its discretion in granting Coopersburg's motion to vacate entry of default for lack of a meritorious defense.

We also reject Supor's contention that the District Court abused its discretion with respect to the motion because it did not provide an explanation for its conclusion. Although the court did not explain its reasoning for granting the motion beyond a statement that, "all criteria ha[d] been met to vacate the default in this matter, as good cause ha[d] been set forth," J.A. 11, we do not believe that the court abused its discretion in granting Coopersburg's motion. See KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003) (rejecting the argument that a district court's ruling from

13

the bench on a motion to vacate default, which "did not comment in detail upon" the pertinent factors, necessarily amounted to an abuse of discretion). By the time it ruled on Coopersburg's motion, the District Court had before it not only Coopersburg's motion, which discussed each of the factors set out in $55,518.05 in U.S. Currency, 728 F.2d at 195, but also it had considered and found persuasive Kenworth's defense relying on the Limitation, upon which Coopersburg also relied.

IV.

For the aforementioned reasons, we will affirm the orders of the District Court granting the defendants' motions to dismiss Supor's claims and granting Coopersburg's motion to vacate entry of default against it.