**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1365
_____

BROOKS M. WITZKE,
                                        Appellant

v.

BETTINA CECILE FERGUSON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-01295)
District Judge:  Honorable Colm F. Connolly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 5, 2019
Before:  GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Brooks M. Witzke, proceeding pro se, appeals from an order of the District Court granting the defendant's motion to vacate the entry of default and to dismiss the complaint. We will affirm.

Witzke filed a complaint against Bettina Ferguson, an appeals referee for the Delaware Department of Labor, Division of Unemployment Insurance (DOL-DUI), alleging that she deprived him of due process at a hearing in December 2015.[1] In particular, Witzke claimed that Ferguson "maliciously, in bad faith and with wanton negligence, intentionally deprived [him] of his right to due process and [to] be afforded a fair hearing in accordance with the Constitution of the United States, the Constitution of the State of Delaware, and the statutory protections of the State of Delaware." Because he had trouble locating Ferguson, Witzke moved for, and was granted, extensions of time to effectuate service. Within the time period allowed by the extensions, a private process server made service upon a woman named Betty Lord at the DOL-DUI. Ferguson, however, did not timely answer the complaint, and Witzke sought and received an entry of default from the Clerk. See Fed. R. Civ. P. 55(a). Shortly thereafter, however, Ferguson filed a motion to vacate the entry of default and a motion to dismiss the complaint. The District Court granted those motions, concluding that Ferguson had not

---

[1] Witzke also attempted to assert a claim under 28 U.S.C. § 1654, which provides that parties "may plead and conduct their own cases personally or by counsel" in the federal courts. The District Court stated that "[t]here is no indication that this statute creates a private right of action of any kind." Witzke has not challenged that statement on appeal.

been properly served and that she was entitled to absolute immunity as a "quasi-judicial actor[]."[2] Ferguson appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the portion of the order that vacated the entry of default, see United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984), and we exercise plenary review over the District Court's dismissal on the basis of quasi-judicial immunity. See Russell v. Richardson, 905 F.3d 239, 246 (3d Cir. 2018).

A district court may set aside an entry of default for good cause shown. See Fed. R. Civ. P. 55(c); see also Fed. R. Civ. P. 77(c). Notably, "[a]s a general matter, . . . the entry of a default judgment without proper service of a complaint renders that judgment void." United States v. One Toshiba Color Television, 213 F.3d 147, 156 (3d Cir. 2000). Pursuant to the Federal Rules of Civil Procedure, the complaint and summons must be served personally, left with a responsible resident at the defendant's residence, delivered to an agent of the defendant, Fed. R. Civ. P. 4(e)(2), or served in accordance with applicable state law, Fed. R. Civ. P. 4(e)(1). In Delaware, service shall be made "[u]pon an individual . . . by delivering a copy of the summons, complaint and affidavit, to that individual personally or by leaving copies thereof at that individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing

---

[2] The District Court also noted that Witzke could have raised his claims by appealing Ferguson's decision to the Unemployment Insurance Appeals Board, and then through the Delaware court system. See 19 Del. C. §§ 3318(c); 3323. Because we conclude that Ferguson is entitled to immunity, we need not address whether his claims are barred by a failure to exhaust.

3

therein, or by delivering copies thereof to an agent authorized by appointment or by law to receive service of process." Del. Super. Ct. Civ. R. 4(f)(1)(I); 10 Del. C. § 3103(a). In addition, because Witzke's claims arose in connection with Ferguson's exercise of her official powers and duties as an appeals referee for the DOL-DUI, Witzke was required to personally serve the Delaware Attorney General, State Solicitor, or the Chief Deputy Attorney General. See 10 Del. C. § 3103(c). Witzke's private process server, Kenneth Gaskins, served the complaint on Betty Lord, who is employed by the DOL-DUI. Although the parties presented differing accounts of that service of process, there is no dispute that Lord was not an individual identified in § 3103. Furthermore, there is no dispute that Ferguson herself was not personally served. Therefore, District Court did not abuse its discretion in vacating the entry of default.

In addition, the District Court properly determined that Ferguson was entitled to quasi-judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). In addition, "[q]uasi-judicial absolute immunity attaches when a public official's role is 'functionally comparable' to that of a judge." Hamilton v. Leavy, 322 F.3d 776, 785 (3d Cir. 2003) (quoting Butz v. Economou, 438 U.S. 478, 513 (1978)); Dotzel v. Ashbridge, 438 F.3d 320, 325 (3d Cir. 2006) ("Regardless of his job title, if a state official must walk, talk, and act like a judge as part of his job, then he is as absolutely immune from lawsuits arising out of that walking, talking, and acting as are judges who enjoy the title and other formal indicia of office."). To make that determination, we focus on "the nature of the functions with

4

which a particular official or class of officials has been lawfully entrusted, and . . . evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." Forrester v. White, 484 U.S. 219, 224 (1988). The Supreme Court has provided a non-exhaustive list of six factors "characteristic of the judicial process" that are relevant to determining whether an official enjoys quasi-judicial immunity:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

Cleavinger v. Saxner, 474 U.S. 193, 202 (1985).

In Delaware, a claims deputy makes an initial determination concerning eligibility for unemployment insurance benefits. See 19 Del. C. 3318(a). A party who disagrees with the claims deputy's decision may seek review by an appeal referee. See id. § 3318(c); see also 19 Del. Admin. C. § 1200-UNEMP 18(1). With the consent of the referee, the parties may stipulate in writing to the facts involved. See 19 Del. Admin. C. § 1200-UNEMP 18(3)(c). The appeals referee may decide the appeal on the basis of that stipulation or may "set the appeal down for hearing and take such further evidence as he deems necessary." Id.; see also id. § 1200-UNEMP 18(3)(b). If a hearing is held, it is "conducted informally and in such manner as to ascertain the substantial rights of the parties." Id. § 1200-UNEMP 18(3)(a). The parties are permitted to introduce evidence unless the claims referee deems it to be "clearly immaterial to the issue." Id. Furthermore, the claims referee "may take such additional evidence as he deems

necessary, provided that . . . the parties [are] given an opportunity of examining and refuting such evidence." Id. § 1200-UNEMP 18(3)(b). In addition, the claims referee may examine and cross-examine the parties and their witnesses, id. § 1200-UNEMP 18(3)(a), and "use[s] his best judgment as to when a continuance, postponement, adjournment or reopening of a hearing shall be granted." Id. § 1200-UNEMP 18(4). The appeal referee's decision to affirm, modify, or reverse the claims deputy's decision must be in writing, describe the issues involved, set forth the findings of fact, and provide reasons for the benefits determination. 19 Del C. § 3318(c); 19 Del. Admin. C. § 1200-UNEMP 18(5). The decision issued by the appeals referee may be appealed to the Unemployment Insurance Appeal Board. 19 Del. C. § 3320(a). Thereafter, appeals to the Delaware Superior Court and the Delaware Supreme Court are possible. See id. § 3323.

This scheme for reviewing unemployment insurance claims demonstrates that the role of an appeals referee is functionally comparable to that of a judge. See Butz, 438 U.S. at 513; Dotzel, 438 F.3d at 325 (stating that, in determining whether quasi-judicial immunity applies, "[t]he inquiry goes to the official's job function, as opposed to the particular act of which the plaintiff complains"). For instance, the appeals referee controls the means of proof, determines the materiality of evidence, examines witnesses, and issues a written decision that applies the law to the facts of the case. Although the Administrative Code states that hearings are "conducted informally," that informality does not render an appeals referee's action nonjudicial. See Stump v. Sparkman, 435 U.S. 349, 362-63 (1978). In ruling on cases involving adverse parties, an appeals referee

6

must be able to function without fear of harassment by disappointed applicants.  See

Forrester, 484 U.S. at 223 ("When officials are threatened with personal liability for acts

taken pursuant to their official duties, they may well be induced to act with an excess of

caution or otherwise to skew their decisions in ways that result in less than full fidelity to

the objective and independent criteria that ought to guide their conduct.").  Moreover, the

adversarial nature of the proceedings and the multiple layers of appellate review that are

available to correct any errors provide safeguards that minimize the need for private

damages actions to curb unconstitutional conduct.  In sum, because an appeals referee

performs truly judicial functions which would be impacted if exposed to liability, we

agree with the District Court that an appeals referee such as Ferguson is entitled to

absolute quasi-judicial immunity.

For the foregoing reasons, we will affirm the District Court's judgment.