**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3526
_____

HEMANT G. BHIMNATHWALA,

Appellant

v.

JUDICIARY OF THE STATE OF NEW JERSEY, FAMILY DIVISION;
LOPA S. SHAH; HONORA O'BRIEN KILGALLEN; JOANNE MCLAUGHLIN;
LISA P. THORNTON; TERESA A. KONDRUP-COYLE; TONYA HOPSON;
STUART RABNER; REBEKAH HELIMAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:19-cv-21389)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2021
Before:  GREENAWAY, Jr., KRAUSE, and BIBAS, Circuit Judges

(Opinion filed:  June 15, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

The District Court entered judgment against Hemant Bhimnathwala after rejecting his claims concerning the allegedly biased way in which New Jersey's child custody laws are applied. We will affirm.

## I.

As part of their divorce proceeding, Bhimnathwala and Lopa Shah negotiated a "Matrimonial Settlement Agreement" (MSA). According to Bhimnathwala, judicial review and enforcement of the alimony and child custody provisions of the MSA has long been uneven: to his detriment, and on the basis of sex.

Invoking the District Court's jurisdiction under 28 U.S.C. § 1331, Bhimnathwala primarily grounded his claims in 42 U.S.C. § 1983. For relief, Bhimnathwala sought, among other things, "return of all child support paid to ex-wife," an order directing the "family court to recompute alimony in [a] gender-neutral way," and declaratory relief.

Bhimnathwala named Shah as a defendant, along with the State of New Jersey Judiciary (errantly pleaded in the captioned form) and several of its employees, including four judges. To varying degrees, defendants Judges Kilgallen, Thornton, and Kondrup-Coyle had participated in Bhimnathwala's divorce case; defendant Chief Justice Rabner, meanwhile, was sued in his administrative capacity.

2

Shah responded to Bhimnathwala's complaint, pro se, with a letter fairly construed as a motion to dismiss. Bhimnathwala opposed dismissal and filed a motion for summary judgment on his claims against Shah.

Bhimnathwala hired process servers to effect service on the other defendants (collectively, the State Defendants), against whom he secured entries of default under Federal Rule of Civil Procedure 55(a) when they failed to timely respond. Bhimnathwala followed up with a motion for default judgment against the State Defendants, pursuant to Rule 55(b). The State Defendants then appeared and filed a combined opposition to the motion for default judgment and cross-motion to both vacate the entries of default under Rule 55(c) and dismiss the complaint under Rule 12(b)(1) and (b)(6).

The District Court determined that: the default entries are void because the State Defendants were not properly served; the State Defendants raised a number of valid bases for dismissal, including sovereign immunity, the statute of limitations, judicial immunity, and lack of personal involvement in any alleged constitutional violations; and Shah is not a "person" subject to suit under § 1983. The District Court thus granted the motions filed by defendants and denied those filed by Bhimnathwala. This appeal followed.

## II.

Bhimnathwala raises numerous issues on appeal.[1] None of them has merit. In fact, as Bhimnathwala concedes, "he has been unable [to] find an attorney" to aid in his fight

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

"largely because no attorney admitted to bar in New Jersey, and now in the Third Circuit, would risk their livelihood and disbarment for offending the court" with the claims raised in the complaint. Br. 22. We will, therefore, address below only some of the issues raised by Bhimnathwala.

We start by assuming, for the sake of argument, that the District Court abused its discretion in vacating the defaults entered against the State Defendants on the particular basis of improper service. Cf. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) ("[W]e do not set aside the entry of default . . . unless we determine that the district court abused its discretion."). Even with that assumption, however, the result in this case would not change.

An entry of default may be vacated upon a showing of "good cause," Fed. R. Civ. P. 55(c), and the District Court properly determined in the alternative to its ruling on improper service that the State Defendants demonstrated good cause by way of multiple meritorious defenses, along with the absence of prejudice to Bhimnathwala. See Dist. Ct. Op. at 12 n.6; cf. $55,518.05 in U.S. Currency, 728 F.2d at 195. In addition to the defenses correctly applied by the District Court in granting the State Defendants' motion to dismiss, the action is barred by the Rooker-Feldman doctrine[2] to the extent that Bhimnathwala ties injury to, and seeks invalidation of, certain rulings in his divorce case.

---

[2] D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

See, e.g., Br. 23-24 (asking this Court, as Bhimnathwa did the District Court, to invalidate the MSA and recalculate child support payments); cf. Allen v. DeBello, 861 F.3d 433, 438 (3d Cir. 2017) ("Rooker-Feldman prohibits a federal court from exercising subject matter jurisdiction in cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (citation and quotation marks omitted).

We next address whether the District Court erred in failing to apply Obergefell v. Hodges, 576 U.S. 644 (2015), and Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc., 576 U.S. 519 (2015). No such error occurred. Obergefell recognized as Fourteenth Amendment-protected the fundamental right of same-sex couples to marry, and Inclusive Communities Project held that disparate-impact claims are cognizable under the federal Fair Housing Act. Those decisions have no bearing on Bhimnathwala's case, his creative extrapolations notwithstanding.

We also address Bhimnathwala's argument that the "conduct" of the State of New Jersey Judiciary "shocks the conscience," Br. 15—a reference, perhaps, to the state-created danger doctrine. Cf. Kedra v. Schroeter, 876 F.3d 424, 436 (3d Cir. 2017). Bhimnathwala did not preserve such an argument in the District Court, and we generally do not consider an argument raised for the first time on appeal. See Lloyd v. HOVENSA, LLC., 369 F.3d 263, 272–73 (3d Cir. 2004). Regardless, Bhimnathwala's complaint

5

contained no allegations of fact that would remotely support application of the state-created danger doctrine.

Finally, we reject Bhimnathwala's invitation to rewrite New Jersey law in the manner he desires. Compare Allen, 861 F.3d at 437 (identifying in a similar case the "New Jersey state statute instituting the best interests of the child standard") with Br. 23 (seeking a ruling directing that New Jersey child-custody law be changed to a "presumption of joint legal custody and equal physical custody for temporary and final court orders upon dissolution of a marriage"). "[C]ourts are not arbiters of policy." United States v. Safehouse, 985 F.3d 225, 230 (3d Cir. 2021). It may thus behoove Bhimnathwala to avail himself of the political process, rather than the judicial one; all the more so if, as Bhimnathwala contends, he is no longer even subject to New Jersey's child custody regime. See Br. 15 ("The MSA was valid until my younger son turned 18 in 2019, just a couple of months before filing this Complaint on December 12, 2019."); cf. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016) (explaining that for a plaintiff to have constitutional standing to challenge a law, his alleged injury must likely be redressable by a favorable judicial decision on that challenge).

## III.

For the reasons outlined above, the District Court's judgment will be affirmed.

6