**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3796
_____

QUINTEZ TALLEY,
                                                    Appellant

v.

C/O GRIESMER; SGT. ALIMON; C/O WOODWARD; LT.  KULL;
M. NASH; JOHN E. WETZEL; C/O DALE SCHOENEBERGER;
PA. DEPARTMENT OF CORRECTIONS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-01587)
District Judge:  Honorable Timothy J. Savage

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2023
Before:  JORDAN, GREENAWAY, JR., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: April 19, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Quintez Talley, a Pennsylvania prisoner, appeals pro se from orders of the United States District Court for the Eastern District of Pennsylvania denying his motion for a default judgment and rejecting claims that he brought in an action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 1983, and state law. For the following reasons, we will affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

While Talley was housed in the Diversionary Treatment Unit at SCI Graterford, he was provided a razor for shaving but refused to return it to prison staff. He then asserted that he was suicidal and used the razor to cut himself. Talley claimed that the defendants, who were aware of his threats and wounds, left him in his cell unsupervised for over an hour. Ultimately, Talley relinquished the razor and was treated for his injuries at the medical triage area. Later, Talley was issued a misconduct, but the hearing examiner dismissed the charges based on a policy prohibiting punishment for engaging in self-injurious behavior.

Talley filed a complaint in the District Court, naming as defendants the Pennsylvania Department of Corrections (DOC), DOC Secretary Wetzel, and several corrections officers and medical staff. (ECF 2.) The District Court sua sponte dismissed the claims that were brought against the DOC and the individual defendants in their official capacities, holding that they were not "persons" subject to suit under § 1983. (ECF 5.) The defendants then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF 10.) Talley responded by filing a motion for entry of default

2

judgment, arguing that the defendants' response to the complaint was late. (ECF 14.) The District Court denied the motion for entry of default judgment without explanation. (ECF 15.) Thereafter, the District Court granted the defendants' motion to dismiss, holding that, although it was unclear whether Talley exhausted administrative remedies, his claims lacked merit. (ECF 16 & 17.) Talley timely appealed.[1] (ECF 18.)

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the order denying Talley's motion for default judgment for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). We apply the same de novo standard of review to the grant of a motion to dismiss and to a sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B). See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In reviewing a dismissal under Rule 12(b)(6), we must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. See Fleisher, 679 F.3d at 120.

Talley challenges the District Court's denial of his motion for entry of a default judgment. (Doc. 31, at 7-9 of 16; Doc. 54, at 3-9 of 15.) In particular, he claims that a

---

[1] We note that Talley has forfeited several claims by failing to meaningfully raise them in his "Brief in Support of Appeal" (Doc. 31), in his additional "Brief in Support of Appeal" (Doc. 44), or in his "Supplemental Brief" (Doc. 54). See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that arguments not raised in an opening brief on appeal are forfeited); United States v. Gonzalez, 905 F.3d 165, 206 n.18 (3d Cir. 2018) (declining to consider argument that party sought to incorporate by reference to submissions in District Court). In particular, Talley does not challenge the dismissal of his ADA claims, the dismissal of his challenge to the defendants' alleged failure to "contact psychological/psychiatric personnel capable of evaluating [him]," and the dismissal of his state law breach of contract claim.

default judgment was warranted because the defendants "filed their Rule 12(b)(6) motion to dismiss … three days beyond their deadline to file such a motion." (Doc. 54, at 6 of 15.) Although the District Court provided no explanation for the denial of Talley's motion for default judgment, we may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164 (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). We do not favor entry of default or default judgments and prefer that cases are decided on their merits. See $55,518.05 in U.S. Currency, 728 F.2d at 194-95. Here, Talley did not show any prejudice from the defendants' short delay in responding to his complaint or any culpable conduct by the defendants. In addition, as explained below, the defendants had a meritorious defense to at least some of Talley's claims. Thus, the District Court did not abuse its discretion in denying the motion for a default judgment. See Chamberlain, 210 F.3d at 164.

The District Court also properly dismissed Talley's § 1983 claims for monetary damages against the DOC and the individual defendants in their official capacities. See Lavia v. Pa., Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); A.W. v. Jersey City Pub. Schs., 341 F.3d 234, 238 (3d Cir. 2003) (noting that "[a] state is generally entitled to immunity in federal court from suits by private parties," and this protection extends to

4

"state officials sued in their official capacities for monetary damages"). Talley correctly notes that official capacity claims requesting prospective injunctive relief are not barred by sovereign immunity. See Ex parte Young, 209 U.S. 123 (1908). But Talley did not ask for injunctive relief in his complaint's "Prayer for Relief."

We also discern no error in the District Court's denial of Talley's claims under the Fourteenth Amendment's Privileges and Immunities and Due Process Clauses. The Privileges and Immunities Clause is inapplicable to Talley's assertion that he was treated differently than inmates without mental illnesses. See Mich. Corr. Org. v. Mich. Dep't of Corr., 774 F.3d 895, 902 (6th Cir. 2014) (stating that "[i]n its current incarnation, the [Fourteenth Amendment's Privileges and Immunities] Clause protects only 'fundamental' rights of national citizenship"). In addition, Talley failed to state a due process claim based on the misconduct charges. The filing of false disciplinary charges does not violate the Constitution as long as the inmate was granted a hearing and an opportunity to rebut the charges. Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). Here, Talley had a disciplinary hearing, he pleaded not guilty based on his self-injurious behavior, the charges were dismissed, and he received no punishment. Thus, his due process rights were not violated. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974) (due process requires inmate receive advance written notice of disciplinary charges, an opportunity to present a defense, and an explanation for the decision).

We conclude, however, that the District Court erred in dismissing Talley's claim that the defendants violated the Eighth Amendment by leaving him unsupervised for over

5

an hour with a razor after he had cut himself and threatened suicide. To state an Eighth Amendment claim based on deliberate indifference to the risk of suicide or self-harm, the plaintiff must allege facts supporting plausible inferences "(1) that the individual had a particular vulnerability to suicide, meaning that there was a 'strong likelihood, rather than a mere possibility,' that a suicide would be attempted; (2) that the prison official knew or should have known of the individual's particular vulnerability; and (3) that the official acted with reckless or deliberate indifference, meaning something beyond mere negligence, to the individual's particular vulnerability." Palakovic v. Wetzel, 854 F.3d 209, 223-24 (3d Cir. 2017). Talley alleged that he told various prison officials that he was suicidal. (ECF 2, at ¶ 12, 15-16.) He also claimed that prison officials knew that he was using a razor to cut himself. (ECF 2, at ¶ 13, 18, 21.) Nevertheless, according to Talley, the prison officials "left him in his cell unsupervised for over an hour …." (ECF 2, at ¶ 14, 32.)

Drawing all reasonable inferences in Talley's favor, we conclude that these allegations are sufficient to state a claim for deliberate indifference to serious medical needs. See Estate of Novack ex rel. Turbin v. County of Wood, 226 F.3d 525, 529 (7th Cir. 2000) (stating that "a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act" (citations omitted)); cf. Lemire v. Cal. Dep't of Corrs. & Rehab., 726 F.3d 1062, 1078-79 (9th Cir. 2013) (holding that there was a triable issue on deliberate indifference where defendants had a duty to

prevent suicides but left plaintiff unmonitored for three-and-a-half hours). The District Court concluded that Talley's claim of being left unsupervised after cutting himself was contradicted by his allegations that prison personnel attempted to coax the razor from him. (ECF 16, at 10.) To the extent that any such contradiction exists, the District Court improperly resolved it in the defendants' favor at the motion to dismiss stage without providing Talley with leave to amend. See In re Stone & Webster, Inc., Sec. Litig., 414 F.3d 187, 200 (1st Cir. 2005) ("We recognize that in assessing a motion to dismiss for insufficient pleading, we must read the Complaint in the manner most favorable to the plaintiff, drawing reasonable inferences in the plaintiff's favor, … and that inconsistent pleading does not deprive the pleader of the right to have the complaint read, as between the inconsistencies, in the manner that supports the adequacy of the pleading."); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

For the foregoing reasons, we will affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.[2]

---

[2] Talley's Motion for Remand (Doc. 27) and Motion for Oral Argument (Doc. 59) are denied. Talley has also filed a "Motion to Enforce Waiver," which we will treat as his reply brief, as he requests. (Doc. 62, at 1 n.1.) Any other relief requested in the Motion to Enforce Waiver is denied.